UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

CHAIM WEISENFELD on behalf of himself
and all other similarly situated consumers

       Plaintiff,

  -against-

FORSTER & GARBUS LLP

       Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Chaim Weisenfeld, seeks redress for the illegal practices of Forster & Garbus LLP, in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resided within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Commack, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## Allegations Particular to Chaim Weisenfeld

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about December 20, 2012, Defendant sent a collection letter communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).

    Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (Computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).) Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011); Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011.)

12. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

13. The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account – such as by reviewing the debtor's file – before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993); See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04- CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); See Also Suquilanda v. Cohen & Slamowitz LLP., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3).")

14. The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317.  He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id.  The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated 15 U.S.C. Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229.  The same result is obtained in the present case.

15. Although Forster & Garbus LLP may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters.  The inclusion of the words "A NEW YORK LAW FIRM" is therefore materially deceptive and misleading in that

it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

16. If Forster & Garbus LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v. Jackson, 988 F2d 1314, 1320 (2d Cir. 1993); See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."); See also: Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005) (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.); See, e.g. Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

17. The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached

-5-

hereto.

18. Defendant, as a matter of pattern and practice, mail letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

19. Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

20. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

21. The said letter is a standardized form letter.

22. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

23. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

24. This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25. The identities of all class members are readily ascertainable from the records of Forster & Garbus LLP and those business and governmental entities on whose behalf it attempts to collect debts.

26. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Forster & Garbus LLP, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

27. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

28. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

29. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

30. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions

predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create

a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

31. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

34. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

35. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty four (34) as if set forth fully in this cause of action.

36. This cause of action is brought on behalf of Plaintiff and the members of a class.

37. The class consists of all persons: (a) whom Defendant's records reflect resided in the State of New York (b) and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint (c) the collection letter was sent to a consumer seeking payment of a consumer debt; and (d) that the collection letter used an attorney letter head which represented that the letter was sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney; and (e) the collection letter was not returned by the postal service as undelivered; and (f) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

38. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c) The only individual issue involves the identification of the consumers who received such collection letters (i.e. the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

    (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)      The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

39. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

42. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

43. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action;

(c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

(d) Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
December 17, 2013

       /s/__Maxim Maximov_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

    __/s/___ Maxim Maximov_____
Maxim Maximov, Esq.